KING, P.J.,
dissenting:
¶ 16. I dissent from the majority opinion herein. The majority affirms the chancellor’s refusal to consider the merits of McMurry’s motion to change custody because it did not contain the magic word “adverse.”
¶ 17. Pleadings in our trial courts are governed by the Mississippi Rules of Civil Procedure. In this case the relevant rule is M.R.C.P. 8(a)(1), (e)(1) and (f), which provides:
(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain
(1) a short and plain statement of the claim showing that the pleader is entitled to relief,....
(e) Pleading to Be Concise and Direct: Consistency.
(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required....
(f) Construction of Pleadings. Ml pleadings shall be so construed as to do substantial justice.
¶ 18. The adoption of this Rule eliminated the necessity of formal technical pleading, so called magic words pleading. Instead a claimant is merely required to state his claim and its basis. In my belief, McMurry did so.
¶ 19. The relevant portion of her motion reads as follows:
As shown by the Court file a judgment was entered granting custody of the minor children to the mother and later modified and changed and the mother has paid the child support ordered for the minor children even though she has had the exclusive care and custody of the minor child Thomas Jeremy Sadler for more than one (1) year. The judgments are made a part *245 of this Motion by reference just as if copied fully therein.
1. There has been a material change in the parties and circumstances involved since the last judgment was entered and the mother is now the most suitable, fit, and proper person to have permanent care and custody of the minor children and the father is not. The mother has remarried and is living a good Christian life and is an active member of Camp Dixon Church of God, and the minor children have been in attendance at a Christian Youth Camp this summer under the directions of the mother and they are of age and desire to live with their mother and it would be to their best interest that they do so. The father William Sadler has been arrested for such crimes as False Pretense in January of this year and is not rearing, training, and educating the boys as they should be reared. The mother, Stephanie (Sadler) McMurry is the Movant and she makes William Sadler the respondent in this Motion.
2. Both of the children have lived with the mother in Neshoba County, Mississippi, for the last month and one of the children, Thomas Jeremy Sadler, has lived with the mother for more than one (1) year and gone to school in Nesh-oba County, Mississippi, and it would be detrimental to their education and they will loose the friends they have created if required to move. Thomas Jeremy Sadler last year had failing grades and the father promised him that he would bring the child to the mother if he passed and the child has greatly improved in his grades in school, and the father travels away for weeks at a time and he left the children with a live in girlfriend. The children are Thomas Jeremy Sadler born August 22, 1988, and Christopher—
¶ 20. While McMurry’s motion was perhaps subject to more artful drafting, it was nevertheless sufficient to place Sadler on notice of her claim and entitle her to a resolution of that claim on its merits. One need only read the passages of McMurry’s pleading, which I have emphasized above to understand the nature and basis of her claim. McMurry’s pleading complies with M.R.C.P. 8(a)(1) and (e)(1), which requires a simple, concise and direct statement showing an entitlement to relief.
¶21. While McMurry’s pleading is inartfully drafted, the chancellor and this Court’s majority seem oblivious to M.R.C.P. 8(f) which requires “[a]ll pleadings shall be so construed as to do substantial justice.”
¶ 22. There is no justice, substantial or otherwise, in the refusal of the chancellor or this Court’s majority to decide Mrs. McMurry’s case on the merits.
¶23. For these reasons, I would reverse and remand for a hearing on the merits of McMurry’s claim.
LEE AND IRVING, JJ., JOIN THIS SEPARATE WRITTEN OPINION.